[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON APPLICATION TO CONFIRM]
I.
The above cases involve an arbitration proceeding between the plaintiffs Barbara and Raymond Vanesse and their insurance company. As noted by the arbitration panel:
 The claimant (Barbara Vanesse) was a passenger in the rear seat of a motor vehicle owned by Unifund Leasing, Inc. and operated by Unifund employee, Keith D. Kelly (the "Kelly" vehicle). This vehicle collided with a vehicle operated and owned CT Page 4620 by Patrick K. Kenny (the "Kenny" vehicle).
 The Kelly vehicle was insured by Bel-Aire Insurance Company at the time of the collision. Pursuant to an order of liquidation dated July 15, 1993, Bel-Aire Insurance Company was deemed insolvent. For the purposes of this hearing, the parties agree the Kelly vehicle was uninsured at the time of the subject collision.
 The parties have also agreed that the Kenny vehicle was uninsured at the time of the collision, by reason of Kenny's failure to make payments on his then existing liability insurance policy with Liberty Mutual Insurance Company.
 Finally, the parties have also agreed that the subject collision was caused by the negligence of one or both of the aforementioned uninsured motor vehicles and that Connecticut law applies to all issues in dispute between the parties.
 The insurance policy issued the claimant by the respondent provided $300,000.00 of single limit liability coverage and $20,000.00/$40,000.00 uninsured/underinsured motorist coverage. The primary issue for determination by the arbitrators is whether a purported waiver which the respondent claimed had been executed by its insured, the claimant's husband Raymond Vanesse, effectively reduced the uninsured/underinsured motorist coverage from the liability limits of $300,000.00 to $20,000.00/$40,000.00.
The panel of three arbitrators issued their decision on January 25, 1994 finding that the plaintiff's husband had not effectively reduced his coverage from the full liability coverage. The panel did not address a claim that the application/binder did not comply with General Statutes § 38a-296(a) and § 38a-297(a)(1) concerning "readable language" After finding CT Page 4621 that the insurance coverage could be stacked, the panel deducted certain basic reparation benefits and awarded $83,765.00 to the plaintiff.
The plaintiffs now request that this court confirm the financial award and vacate that portion concerning "the readable language" issue. The defendant requests the court to vacate the monetary award maintaining that the plaintiff's husband satisfied the statutory requirements for waiver.
 II.
Both issues are interesting — yet this court will reach neither. In [Garrity v. McCaskey], 223 Conn. 1 (1992), our Supreme Court addressed the scope of review for a trial court in determining whether to vacate an arbitration decision where it is claimed that the panel failed to recognize applicable state law. As noted at page 4,
 When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. (Citations omitted).
The court further added at page 6,
 Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of § 52-418.[1] (Citations omitted).
The defendant therein argued that the court should vacate the award as a result of the panel's "manifest disregard of the law." In discussing this proposition, the court noted, inter alia, that egregious conduct by an arbitrator could be CT Page 4622 grounds for setting aside an award pursuant to General Statutes52-418(a)(4) but in order to prevail, "the defendant must demonstrate that the award reflects an egregious or patently irrational rejection of clearly controlling legal principles." Id., 11. The court rejected claims that the misinterpretation of a statute of limitations and the law on damages constituted such a manifest disregard and in fact constituted nothing more "than his disagreement with the arbitrators' interpretation and application of established legal principles. Acceptance of his argument would turn every disagreement with arbitrators' rulings of law into an allegation of manifest disregard of the law. We have never construed § 52-418(a)(4) so broadly and we decline to do so today." Id., 13.
 a.
In the instant case, the parties are at issue over whether a form which contains both a signature line and box for initialling a request for lower uninsured/underinsured motor vehicle coverage, and which is only initialed and not signed, is deemed an effective request for lower limits within the requirements of General Statutes 38a-336(a)(2).[2]
The panel held that the signature as well as the initialling [initialing] was required and thus rejected the defendant's position that the lower limits applied.[3] A review of the policy, Exhibit A, "Amendatory Endorsement — Connecticut," p. 1, indicates to this court that the submission was unrestricted. The policy states, in part, "[a]ny decision agreed to by the arbitrator(s) will be binding as to whether you are legally entitled to recover damages and as to the amount of damages you are legally entitled to recover." The terms of the policy are clear; thus, "language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." [Simses v. North American Company for Life HealthInsurance], 175 Conn. 77, 84 (1978) citing [Weingarten v. AllstateInsurance Co.], 169 Conn. 502, 509 (1975). The arbitration provision, drafted by the defendant, provides for a full submission of the issues of both recovery (liability) and amount of damages. Disagreement with the panel's interpretation as to whether the application and Connecticut law require both the initialling [initialing] and the signature is certainly a disagreement with a ruling of law but clearly no "manifest disregard, of the law has been shown. [Garrity v. McCaskey], supra, 13. CT Page 4623
 b.
The panel, having found for the plaintiff, did not address the readable language issue. Simply put, there was no need to address the argument of whether the application which became a binder thus became a contract and thus had to comply with the provisions of General Statutes § 38a-295 et seq. For the reasons set forth earlier, this court will not vacate the panel's decision on this issue.
 III.
The request to confirm the award is granted.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT